O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LEON,<br><br>    Petitioner,<br><br>  v.<br><br>RAYMOND MADDEN,<br><br>    Respondent. | Case No. CV 15-03352-KK<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION** |

On May 5, 2015, Petitioner Carlos Leon ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

On July 6, 2015, finding the Petition contained an unexhausted claim, the Court issued an Order to Show Cause ("OSC") directing Petitioner to file a response addressing the exhaustion issue. The Court granted Petitioner until August 7, 2015 to file a response to the Court's OSC. That date has now passed and Petitioner has not filed a response to the Court's OSC. For the reasons set

1

forth below, the Petition is **DISMISSED** without prejudice as a mixed petition and for Petitioner's failure to prosecute and failure to comply with court orders.

## I.

## PROCEDURAL HISTORY

On June 14, 2012, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of: (1) first-degree murder, in violation of California Penal Code section 187(a); (2) attempted murder, in violation of California Penal Code sections 664 and 187(a); and (3) shooting at an inhabited dwelling, in violation of California Penal Code section 246.  Lodged Document ("lodg.") No. 1.[1]

On July 3, 2014, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal.  Lodg. No. 2.  On August 1, 2014, Petitioner filed a Petition for Review of the appeal in the California Supreme Court.  Lodg. No. 3.  On September 10, 2014, the California Supreme Court denied review of the appeal.  Lodg. No. 4.

On May 5, 2015, Petitioner filed the instant Petition in this Court, challenging his June 2012 convictions in Los Angeles County Superior Court.  ECF Docket No. ("dkt.") 1, 1-1.  In the Petition, Petitioner appears to set forth two grounds for habeas relief: (1) improper joinder of counts ("Claim One"); and (2) improper discovery ruling by the trial court ("Claim Two").  (Id.).

On June 30, 2015, Respondent filed a Motion to Dismiss the Petition, contending Claim Two is unexhausted.  Dkt. 13.  On July 6, 2015, finding Claim Two is unexhausted, the Court issued an OSC directing Petitioner to address the

---

[1] The Court's citations to lodged documents refer to the documents regarding Petitioner's state court proceedings lodged with the Court by Respondent.  Dkt. 14.

exhaustion issue.[2] Dkt. 17. Specifically, the Court directed Petitioner to address the exhaustion issue by electing among the following options: (1) explain in a response that he had in fact exhausted state court remedies in regard to Claim Two; (2) request a voluntary dismissal of the action; (3) request a voluntary dismissal of only Claim Two; (4) request a stay of the proceedings pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003); or (5) request a stay of the proceedings pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Id. The Court granted Petitioner until July 20, 2015 to file a response to the OSC electing between these options. Id. at 4. The Court expressly warned Petitioner that "failure to timely file and serve a response as directed in this Order w[ould] result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders." Id.

On July 20, 2015, apparently attempting to comply with the Court's July 6, 2015 OSC, Petitioner filed a "Notice of Dismissal" form. Dkt. 18. However, instead of seeking to dismiss his unexhausted claim, Petitioner sought dismissal of the "Cross-Claim brought by Claimant Leon, Carlos." Id. On July 27, 2015, the Court issued an order informing Petitioner his July 20, 2015 Notice of Dismissal was "not an appropriate response to the Court's July 6, 2015 Order" because "there is no cross-claim in this action." Dkt. 19. The Court granted Petitioner until August 7, 2015 to file a response to the Court's July 6, 2015 OSC. Id. The Court again warned Petitioner that "failure to file a timely response w[ould] result in the Petition being dismissed without prejudice." Id.

Petitioner has failed to file a timely response to the Court's July 6, 2015

---

[2] In the July 6, 2015 OSC, the Court also denied Respondent's Motion to Dismiss as moot. Dkt. 17 at 1.

OSC and has failed to request an extension of time in which to do so.

## II.

## DISCUSSION

### A. The Petition Must be Dismissed as a Mixed Petition

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, Claim Two does not appear to have been presented to the California Supreme Court in Petitioner's Petition for Review on appeal—his only filing in the California Supreme Court. See Lodg. No. 3. Moreover, Petitioner has failed to address the exhaustion issue by electing any of the options presented by the Court in its July 6, 2015 OSC. Therefore, the instant Petition must be dismissed without prejudice as a mixed petition.

///

B. **The Petition Must be Dismissed for Petitioner's Failure to Prosecute and Comply with Court Orders**

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (standard applied in dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants (or, in this case, respondent); (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with court orders).

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal.  Petitioner has not filed a response to the Court's July 6, 2015 OSC nor has Petitioner filed a request for an extension of time in which to do so.  This failure to prosecute and respond to court orders hinders the Court's ability to move this case toward disposition, and suggests Petitioner does not intend to litigate this

action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to a responding party arises when a plaintiff or petitioner unreasonably delays prosecution of an action. See Eisen, 31 F.3d at 1452-53. Nothing suggests such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on the merits -- ordinarily weighs against dismissal. However, it is a petitioner's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility despite having been (1) instructed on his responsibilities, (2) granted sufficient time in which to discharge them, and (3) warned of the consequences of failure to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The Court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation. Petitioner has shown he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless a petitioner has been notified that dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Petitioner has previously been warned about the possibility of dismissal for failure to prosecute and/or comply

6

with court orders.

## III.

## ORDER

Based upon the foregoing reasons, the Court finds the Petition must be dismissed without prejudice as a mixed petition and for Petitioner's failure to prosecute and to comply with court orders.

ACCORDINGLY, IT IS HEREBY ORDERED that Judgment be entered dismissing this action without prejudice.

DATED: August 24, 2015

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE